In the Matter of the Estate of SAMUEL M. SLAUSON, Deceased; LAURA SLAUSON, Appellant.

DOWER: ELECTION BY WIDOW: NOTICE: APPEAL. A widow, after filing her petition demanding a distributive share in her husband's estate under the law in lieu of the portion given her by will, and while the case on said petition remained undisposed of, filed with the clerk of the court a notice of her acceptance of the provisions of the will. Subsequently, she asked leave to withdraw said notice, but, upon the motion of the other heirs, the court ordered that such notice be entered of record. *Held,* that such order of court was not appealable.

*Appeal from Delaware District Court.*—HON. D. J. LENEHAN, Judge.

TUESDAY, FEBRUARY 10, 1891.

THIS is an appeal from an order in probate by which the clerk of the district court was required to enter of record a certain paper purporting to be an

election by the widow to take under, and abide by, the provisions made for her in the last will and testament of Samuel M. Slauson, deceased. Laura Slauson, the widow, appeals.—*Dismissed.*

*J. W. Dovee* and *Yoran & Arnold*, for appellant.

*Powers & Lacy* and *M. W. Herrick*, for appellee.

Rothrock, J.—It appears from the record that Samuel M. Slauson died on the eleventh day of January, 1889. He left a last will and testament, by which he disposed of all of his estate to his widow and children. On February 19, 1889, Laura Slauson, the widow, filed her petition in the district court in due form, by which she demanded that her dower or distributive share be set off to her. This was, in effect, a repudiation of the will, and an election to take her share of the estate under the law. An order was made for service of notice of the petition, and service was duly made upon all of the heirs and devisees of Slauson, deceased. On March 11, 1889, a paper, of which the following is a copy, was filed in the office of the clerk of the court :

"In the District Court, Delaware County, Iowa.

"In re Estate of Samuel M. Slauson, deceased. Notice by widow of acceptance of provisions of will of deceased.

"*To said court, and to all whom it may concern:* This is to certify that I, Laura Slauson, widow of said deceased, do hereby accept of the provisions of the last will and testament of said deceased, and hereby elect to take under said will, and I hereby direct that this election and acceptance be entered of record. Witness my hand, this ninth day of March, 1889.

"[ Signed ]                    Laura Slauson.

"Witness : O. Henry,

"Justice of the Peace."

The clerk of the court did not make any record of said paper other than to note the same on the probate

calendar as follows: "Estate of S. M. Slauson. Election of widow." On the ninth day of April, 1889, the widow filed a paper, asking the privilege of withdrawing said election from the files upon the grounds that said paper "was signed by her under a misapprehension of her rights under the law. That she was urged to sign the same, and she did sign it at a time when she requested time to investigate its effect; but, being urged by others, and assured that it was necessary and better for her, and that it must be forwarded to Manchester on that day, she signed the paper. That the declarations contained therein did not then nor do not now express her desires or wish, and she does now declare that it is not her intention to accept the provisions of the will of her late husband to the exclusion of her right to have her distributive share of his real estate assigned and set off to her." On May 8, 1889, appellees filed a paper asking the court to direct the clerk to enter the acceptance of record, and on the same day they filed an answer to the petition for dower or distributive share, in which they set up the acceptance of the appellant to take under the will. There were exceptions filed to the motion to have the acceptance entered of record, and on the eighteenth day of September this side issue as to whether the acceptance should be entered of record was submitted to the court on all these motions without any evidence, and the court, without determining the effect thereof, ordered that the acceptance be made of record.

The case which the parties had in court for trial and determination was not disposed of, and, as we understand it, is still pending. The controversy we have presented to this court by this attempted appeal is upon a mere question of evidence in the case. In view of the fact that the appellant made a disavowal of her election, and asked to withdraw it before it was acted upon by the parties in interest, the order of the court directing the clerk to enter it of record did not give it any additional force. The order did not prevent the appellant from showing upon the trial of the action

for dower that she had good grounds for the with-drawal of the election. That question was not deter-mined by the order to enter the acceptance of record. The appellant should have, by a proper pleading in her proceeding for the admeasurement of dower, raised all of the questions which she presents by this attempted appeal. DISMISSED.